#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT A. WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Case No.  01-716-DRH |
| ) | |
| **JOE STEINHAUER,** ) | |
| ) | |
| **Defendant.** ) | |

#### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's Motion for Default Judgment (Doc. No. 21).  The Clerk has entered default against defendant Joe Steinhauer, and a hearing on damages was held on March 6, 2006.  Plaintiff appeared pro se.  No one appeared for defendant Steinhauer.

Plaintiff seeks $3,500.00 in compensatory damages and $7, 500.00 in punitive damages for injuries he suffered on October 17, 2001, at the St. Clair County Jail.

During October, 2001, plaintiff was a detainee at the St. Clair County Jail awaiting trial on murder charges.  Other detainees in his unit had refused to lock up in protest of perceived harassments.  As a result, plaintiff and others were issued disciplinary tickets.  Following a hearing before the St. Clair County Jail Disciplinary and Adjustment Committee, plaintiff was found guilty and received 30 days of "lock down status."  On October 17, 2001, a correctional officer identified as "Lt. B. J." arrived on plaintiff's block to enforce the disciplinary order.  A meeting was requested by the 10 inmates involved with Superintendent Collins.  Collins arrived, and the situation quickly degenerated.  According to plaintiff, one of his fellow inmates named Tate "said some irrate things"

to Collins, including "I'll kill you and your mother." Collins was armed at the time with a sock full of batteries. Collins left, and Lt. B.J. issued a last chance warning. Seven of the ten inmates elected to enter their cells. Plaintiff was on one of the three who resisted. The institution's S.O.R.T. team arrived. One of the three holdouts relented and entered his cell, leaving plaintiff and Tate to deal with the S.O.R.T. team. The S.O.R.T. team did what the sort team does, and plaintiff found himself on the ground being poked with a riot baton. One of the guards had a baton across plaintiff's neck, and plaintiff could not breathe. Plaintiff eventually passed out and woke up in segregation.

Defendant Steinhauer commanded the S.O.R.T. team. There was no evidence that plaintiff was singled out for any specific brutality. In fact, plaintiff's own testimony is that Steinhauer ordered one of the S.O.R.T. team members to stop choking him.

Plaintiff suffered dizzy spells for approximately one month. He still has anxiety attacks occasionally. Plaintiff offered no other evidence of any injuries or damages.

Plaintiff should be awarded the $3,50.00 he seeks in compensatory damages. This will compensate him for pain and suffering associated with the incident alleged and subsequent anxiety. Punitive damages in a § 1983 action may be awarded when the evidence reveals reckless or callous indifference to plaintiff's well-being. *Smith v. Wade,* 461 U.S. 30, 55 (1983). Plaintiff's evidence falls far short of the standard announced for recovery of punitive damages. If anything, defendant Steinhauer appears to have come to his aid during the melee.

IT IS RECOMMENDED that judgment be ENTERED in favor of plaintiff and against defendant Steinhauer in the amount of $3,500.00 for compensatory damages, and IT IS FURTHER RECOMMENDED that judgment be ENTERED against plaintiff and in favor of defendant Steinhauer on plaintiff's claims for punitive damages.

SUBMITTED:  March 7, 2006.

*s/Philip M. Frazier*  
PHILIP M. FRAZIER  
UNITED STATES MAGISTRATE JUDGE
